894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles BROWNING, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 88-1307.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Browning, a pro se Michigan state prisoner, requests the appointment of counsel on appeal of the dismissal of his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Browning was convicted of felony murder following a jury trial and sentenced to life imprisonment. In this petition, he argued that his arrest was without probable cause, that his detention on a "reverse writ" was illegal, and that the evidence obtained during his detention should have been suppressed. The district court concluded that although Browning had exhausted these claims in the state courts, he was not entitled to habeas relief due to procedural bar, as these issues had not been raised on direct appeal. Alternatively, the district court also concluded that the petition should be dismissed on the merits.
 
 
 3
 Upon consideration, we conclude that the dismissal of this petition must be affirmed due to the meritless nature of the claims raised. Affirmance on the procedural bar issue is not warranted, due to the intervening Supreme Court decision of Harris v. Reed, 109 S.Ct. 1038 (1989), as no state court plainly stated that it was relying on procedural bar in dismissing these claims.
 
 
 4
 Even if it is assumed that petitioner can raise his fourth amendment claims as a basis for habeas relief, cf. Stone v. Powell, 428 U.S. 465, 482 (1976), petitioner's arguments that his arrest was absent probable cause and his detention under a "reverse writ" was illegal are irrelevant, as an unlawful arrest is not a defense to a valid conviction. See United States v. Crews, 445 U.S. 463, 474 (1980). Moreover, examination of the facts in this case shows that more than ample evidence existed to establish probable cause for petitioner's arrest. Nor was any evidence seized as a direct result of his arrest, requiring its suppression. See People v. Mallory, 421 Mich. 229, 240-241, 365 N.W.2d 673 (1984).
 
 
 5
 Accordingly, petitioner's request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.